IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MALIK SHABAZZ, #R53189,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 24-cv-00101-RJD |
| ) | |
| **CARRISSA LUKING,** ) | |
| **LAURIE CUNNINGHAM, and** ) | |
| **PERCY MYERS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Malik Shabazz, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at the Joliet Treatment Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. On January 16, 2024, this case was severed from *Shabazz v. Jeffreys, et al.*, Case No. 23-cv-3005-SMY. (Doc. 1).[1] Plaintiff claims that Defendants were deliberately indifferent to his medical conditions and need for accommodations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. while he was a prisoner at Lawrence Correctional Center. (Doc. 2, pp. 14-15). Plaintiff seeks monetary damages and a transfer to another prison. (Doc. 2, p. 21).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A,[2] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious,

---

[1] The claims severed into the instant case were labeled as Counts 8-12 and designated as "Case No. 4." (Doc. 1, pp. 8-9).

[2] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 5), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court, Wexford Health Sources, Inc., and the IDOC.

1

fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint as relevant to the claims severed into this case (Doc. 1, pp. 3-4, 8-9):  Plaintiff relies on a wheelchair for mobility; he is partially paralyzed from gunshot wounds that left several bullets lodged in his body. (Doc. 2, p. 13). He was transferred to Lawrence Correctional Center on July 27, 2022, still suffering from injuries he sustained just hours before at his previous prison, resulting from an incident of excessive force and a fall from his wheelchair. (Doc. 2, p. 14). Defendant Carrissa Luking (Nurse Practitioner) did not meet with Plaintiff for several weeks, and then refused to issue Plaintiff a shower permit[3] and therapeutic mattress as ADA accommodations. Luking did not schedule Plaintiff to see the doctor for several weeks, and he received no treatment for the injuries he sustained on July 27, 2022.

Plaintiff wrote to Defendant Laurie Cunningham (Lawrence ADA Coordinator) to request the ADA accommodations of a shower permit and therapeutic mattress. Cunningham never responded or met with Plaintiff to assess his needs during the entire time he remained at Lawrence. (Doc. 2, p. 15). Plaintiff was still housed at Lawrence when he filed this action in October 2023 (Doc. 2, pp. 17, 21).

Plaintiff saw Defendant Dr. Percy Myers on September 24, 2022. Myers denied Plaintiff's request for a therapeutic mattress, which he needed to relieve ongoing pain and because he was prone to bed sores. Myers was aware from Plaintiff's medical chart that he had been allowed to have the special mattress at Lawrence during his confinement there more than a year earlier. Myers also discontinued Plaintiff's effective pain medication (Tramadol) and replaced it with Cymbalta,

---

[3] Due to his physical impairments, Plaintiff suffers from episodes of incontinence and needs a shower permit to maintain his hygiene. (Doc. 2, p. 13).

which is a psychotropic medication.

Plaintiff continued to file grievances over these incidents. Often, he did not receive any reply, and when he did get responses, they had been signed a month before Plaintiff received them. This appeared to be a conspiracy to prevent Plaintiff from timely exhausting his grievance remedies.

In December 2022, because of Defendants' denial of his therapeutic mattress request, Plaintiff developed a bed sore on his upper right thigh. The bed sore required months of care.

Finally, Plaintiff claims Defendants conspired to retaliate against him by discontinuing his shower permit, in violation of the ADA. (Doc. 2, p. 15).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Defendant Luking refused to examine, treat, or refer Plaintiff for treatment of injuries he sustained on July 27, 2022 until several weeks after his transfer into Lawrence, in violation of the Eighth Amendment.
>
> Count 2: Defendants Luking, Cunningham, and Myers refused to issue Plaintiff a shower permit or therapeutic mattress permit at Lawrence in 2022-23, in violation of the ADA and/or the Rehabilitation Act ("RA").[4]
>
> Count 3: Defendants Luking, Cunningham, and Myers refused to issue Plaintiff a shower permit or therapeutic mattress permit at Lawrence in 2022-23, in violation of the Eighth Amendment.
>
> Count 4: Defendant Myers provided Plaintiff with inadequate medical care when Meyers cancelled Plaintiff's pain medication, denied treatment for bed sores, and changed his psychotropic medication, in violation of the Eighth Amendment.
>
> Count 5: Defendants Luking, Cunningham, and Myers conspired to mishandle Plaintiff's grievances, in violation of the Fourteenth

---

[4] Although Plaintiff mentions only the ADA, "the [RA] is available to him, and courts are supposed to analyze a litigant's claims and not just the legal theories that he propounds, especially when he is litigating *pro se*." *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (internal citations omitted).

                Amendment.

Count 6:      Defendants Luking, Cunningham, and Myers conspired to retaliate against Plaintiff by discontinuing his shower permit, in violation of the First Amendment.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[5]

## Discussion

### Count 1

Prison medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Plaintiff suggests that Luking was responsible for putting off Plaintiff's appointment with her for "weeks" after his July 27, 2022 injury and arrival at Lawrence. Luking then further delayed Plaintiff's visit to the doctor to seek medical attention for his injuries. These allegations are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against Luking.

### Count 2

To state a claim under the ADA and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq.*, a plaintiff must allege that (1) he is a qualified person with a disability; (2) he was denied the

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity; and (3) the denial or discrimination was because of his disability. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

Plaintiff's partial paralysis qualifies him as a person with a disability, and he alleges that Defendants failed to accommodate his disability by denying him a shower permit for incontinence and a special mattress for his pain and prevention of bedsores. These allegations support a claim under the ADA and Rehab Act for denial of the shower permit. *See Jaros*, 684 F.3d at 672 (showers and meals are considered a "program or activity"). However, "the ADA was not designed to address thin mattresses and uncomfortable steel prison beds," *Boston v. Dart*, 2016 WL 5373083, at *3 (N.D. Ill. 2016), therefore, the mattress denial does not amount to a violation of the ADA or RA. *See also Shabazz v. Jeffreys*, Case No. 23-cv-3005-SMY (S.D. Ill. Jan 12, 2024, Doc. 18, p. 4).

Claims under the ADA and RA cannot proceed against individual defendants, but instead proceed against the state agency – the IDOC or its Director in their official capacity. *See Jaros*, 684 F.3d at 670 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131). Accordingly, the portion of Count 2 for denial of the shower permit at Lawrence may proceed, but only against the IDOC. The Clerk of Court will be directed to add the IDOC as a defendant. The portion of Count 2 based on denial of the special mattress will be dismissed, and Count 2 will be dismissed against Defendants Luking, Cunningham, and Meyers.

**Count 3**

Count 3 is based on the same allegations as Count 2 – the denial of Plaintiff's requests for a shower permit and a therapeutic mattress. Plaintiff needed to shower to adequately clean himself when he experienced incontinence. Defendants' denial of the shower permit jeopardized Plaintiff's

5

access to adequate washing facilities, which is among the "minimal civilized measure[s] of life's necessities" guaranteed to prisoners under the Eighth Amendment. *Jaros*, 684 F.3d at 670 (citing *Rhodes v. Chapman*, 452 U.S. 33, 347 (1981)). Plaintiff further alleges that the denial of his therapeutic mattress exacerbated his pain and led to him developing a serious bed sore. Such infliction of pain, and the deliberate indifference to Plaintiff's known risk for bed sores, may amount to violations of the Eighth Amendment. Count 3 may therefore proceed against Defendants Luking, Cunningham, and Meyers.

### Count 4

Plaintiff's allegations are sufficient to support his deliberate indifference claim against Defendant Myers for discontinuing Plaintiff's pain medication, giving him a psychotropic medication that failed to address his pain, and failing to provide Plaintiff with any measures or treatment to mitigate his risk for developing bed sores.

### Count 5

Count 5 fails to state a claim upon which relief may be granted. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). Plaintiff's claims against Luking, Cunningham, and Myers for their own alleged misconduct will proceed as outlined above. A claim against them for mishandling of grievances is duplicative as well as unsustainable under the above authorities.

Plaintiff's bare allegation of conspiracy to mishandle his grievances does not convert Count 5 into a viable claim. The intracorporate conspiracy doctrine provides that there can be no unlawful

conspiracy among agents of the same legal entity, as Defendants herein appear to be. *Greene v. Teslik*, No. 21-2154, 2023 WL 2320767, at *4 (7th Cir. Mar. 2, 2023) (citing *Ziglar v. Abbasi*, 582 U.S. 120, 152-53 (2017)); *see also Wright v. Illinois Dept. of Children & Family Services*, 40 F.3d 1492, 1508 (7th Cir. 1994). Accordingly, Count 5 will be dismissed.

### Count 6

Prison officials may not retaliate against inmates for exercising their First Amendment rights to file grievances, lawsuits, or otherwise complain about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Here, Plaintiff does not connect Defendants' denial or discontinuation of his shower permit to any constitutionally protected activity on his part. Instead, he asserts that from his first encounter with Defendants, they denied his shower permit request and such denial was "without good foundation or explaining to me why." (Doc. 2, p. 15). This falls short of the pleading requirements for a retaliation claim, thus Count 6 will be dismissed without prejudice.

### Disposition

The Complaint states colorable claims in Count 1 against Luking; in Count 2 (as limited above) against the Illinois Department of Corrections; in Count 3 against Luking, Cunningham, and Myers; and in Count 4 against Myers.  The portion of Count 2 based on the mattress denial, and Counts 5 and 6, are **DISMISSED** without prejudice.  The Clerk of Court is **DIRECTED** to **ADD** the Illinois Department of Corrections as a Defendant in connection with Count 2.

The Clerk shall prepare for Carrissa Luking, Laurie Cunningham, Percy Myers, and the

Illinois Department of Corrections: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 5, 2024**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.