IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| MALIK SHABAZZ, R53189, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 24-cv-101-RJD |
| CARISSA LUKING, LAURIE CUNNINGHAM, PERCY MYERS and ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Leave to file Amended Complaint (Doc. 74) and Plaintiff's attorney's Motion to Withdraw (Doc. 79) from this case. Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Joliet Treatment Center, filed this lawsuit pro se and in forma pauperis. This case was one of five cases severed from an existing lawsuit, Shabazz v. Isaacs, et al., Case No. 23-cv-3005-SMY. *Id*. In the original case, Plaintiff alleged that 21 individuals violated his rights under the Americans with Disabilities Act ("ADA") and U.S. Constitution at Big Muddy River Correctional Center and Lawrence Correctional Center ("Lawrence"). *Id*. The Court conducted a threshold review pursuant to 28 U.S.C. §1915A and found that Plaintiff had adequately alleged the following claims in this case:

> Count 1: Defendant Luking refused to examine, treat, or refer Plaintiff for treatment of injuries he sustained on July 27, 2022 until several weeks after his transfer into Lawrence in violation of the Eighth Amendment.

|  |  |  |
|---|---|---|
| Count 2: | | Defendants Luking, Cunningham, and Myers refused to issue Plaintiff a shower permit at Lawrence in 2022-23, in violation of the Eighth Amendment and/or the Rehabilitation Act ("RA"). |
| Count 3: | | Defendants Luking, Cunningham, and Myers refused to issue Plaintiff a shower permit or therapeutic mattress permit at Lawrence in 2022-23, in violation of the Eighth Amendment. |
| Count 4: | | Defendant Myers provided Plaintiff with inadequate medical care when Myers cancelled Plaintiff's pain medication, denied treatment for bed sores, and changed his psychotropic medication, in violation of the Eighth Amendment. |

The Court also noted that Plaintiff asserted that Defendants Luking, Cunningham, and Myers had conspired to mishandle his grievances in violation of the Fourteenth Amendment. Doc. 14.   However, Plaintiff's Complaint did not include any allegations that suggested a conspiracy existed, or that his Fourteenth Amendment rights were violated.   Likewise, Plaintiff asserted that Defendants retaliated against him in violation of the First Amendment, but alleged no facts from which retaliation could be inferred. Plaintiff's Fourteenth Amendment and First Amendment claims were dismissed without prejudice pursuant to 28 U.S.C. §1915A.   This case proceeded on Counts 1-4 against Defendants.

The Court then recruited counsel for Plaintiff, who subsequently filed a Motion for Leave to File an Amended Complaint.   Plaintiff's proposed amended complaint contains the four claims currently in the operative Complaint, but he also again attempts to bring a Fourteenth Amendment claim against Defendants Luking, Myers, and Cunningham for mishandling Plaintiff's grievances. These allegations do not sufficiently invoke the Fourteenth Amendment; neither the substantive due process rights nor procedural due process rights found within the Fourteenth Amendment apply to prison grievance procedures.   *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (*quoting Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Owens v. Hinsley*, 635 F.3d

950, 954 (7th Cir. 2011).   While leave to amend a Complaint is freely given "when justice so requires," the Court may deny leave to proceed on a futile claim. Fed. R. Civ. P. 15(a)(1)(A); *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).   Because Plaintiff's Fourteenth Amendment claim regarding Defendants' alleged mishandling of Plaintiff's grievances is futile, Plaintiff's Motion for Leave (Doc. 74) is DENIED.

Plaintiff's court-recruited counsel has recently accepted employment within this Court, and therefore he can no longer represent Plaintiff in this matter.   Attorney Welby's Motion to Withdraw (Doc. 79) is GRANTED.   The Court previously found that the issue of whether the denial of the mattress permit caused Plaintiff's pressure sores is sufficiently complex enough to warrant recruitment of counsel pursuant to 28 U.S.C. §1915(e).   In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.8 and 83.9(b), and for the reasons set forth in the Court's previous Orders (Doc. 56), the Court now recruits Attorney Jacob Curtis of the law firm Goldstein Price to represent Plaintiff in this case. On or before June 12, 2026, assigned counsel shall enter his appearance in this case.   Attorney Curtis is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district court.   Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that another attorney may also be working on the case.   Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Curtis.   The electronic case file is available through the CM-ECF system.

Because counsel has been recruited for him, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from

representation.   If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.   *See* SDIL-LR 3.1(b)(4).   If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.   Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available.   The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. SDIL-LR 83.13(b).   The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.   In no event will funds be reimbursed if the expenditure is found to be without a proper basis.   The Court has no authority to pay attorney's fees in this case.   No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.   Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org.   He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of

charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Attorney Information" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

      As of this date, Plaintiff's contact information is:

Malik Shabazz
Joliet Treatment Center
2848 West McDonough
Joliet, Il 60436

**IT IS SO ORDERED.**

**DATED:   May 29, 2026**

_____
**Hon. Reona J. Daly**
**United States Magistrate Judge**